IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MEDPORT, INC.,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )      1:16CV601
                                        )
E.V. WILLIAMS, INC.,                    )
                                        )
            Defendant.                  )


### MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Presently before this court is a Motion to Dismiss pursuant
to Federal Rules of Civil Procedure 12(b)(1), (3), (6) and (7)
filed by Defendant E.V. Williams' ("Defendant" or "Williams")
(Doc. 7). Plaintiff Medport, Inc., has responded (Doc. 9), and
Defendant has replied (Doc. 10). This matter is now ripe for
resolution and, for the reasons stated herein, Defendant's
motion to dismiss will be granted.

### I.    BACKGROUND

"On or about November 26, 2014, V.C. Enterprise . . .
entered into a subcontract with Defendant as a subcontractor for
the performance of certain construction work on behalf of the
Virginia Department of Transportation." (Complaint ("Compl.")

(Doc. 1) ¶ 7.)[1] [2] "On or about November 25, 2014, V.C. Enterprise, upon a valuable consideration, entered into a contract with Plaintiff under the terms of which V.C. Enterprise assigned to Plaintiff 'any and all rights to payment of any sums due and owing' arising out of the contract between V.C. Enterprise and Defendant." (Id. ¶ 8.) According to the Assignment of Contract Proceeds ("the Assignment"), "Assignor [did] hereby assign, convey, sell, and transfer to Assignee any and all rights to payments of any sums due and owing to V.C. ENTERPRISE, INC. under the terms of the following contracts: Any and all contracts of construction between E.V. Williams, Inc. and V.C. Enterprise, Inc." (Id., Ex. A at 2.)[3]

According to the complaint, Plaintiff then sought to collect payments due and owing from Defendant to VC Enterprise, Inc. (Compl. ¶ 9.) In January 2015, Plaintiff wrote Defendant,

_____

[1] The court notes that Plaintiff's complaint has two paragraphs numbered 7 – this cites to the second paragraph 7 on page 2.

[2] The court further notes that according to the Commonwealth of Virginia State Corporation Commission, the correct spelling of the subcontractor is VC Enterprise, Inc. ("VC Enterprise"). Any reference to VC Enterprise in quoted material will appear as in the original.

[3] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

informing Defendant of the Assignment between Defendant and VC
Enterprise and demanding payment. (Id.) Defendant responded that
it "would not honor the Assignment on the ground that its
contract with V.C. Enterprise prohibited any assignment
thereunder." (Id. ¶¶ 9-10.) Approximately a year later,
Plaintiff wrote Defendant on two other occasions, making similar
demands. (Id. ¶ 11.) Defendant has ignored these demands and
continued to pay "sums in excess of $75,000.00 up through and
including the date of [the] complaint contrary to the terms of
the Assignment," claiming that "the Assignment is void and that
it has no obligation whatsoever thereunder to Plaintiff." (Id.
¶¶ 12-13.)

VC Enterprise has not been named as a party to this action
and has not presently asserted an interest or a position.
Therefore, it is unknown what position VC Enterprise, a party to
the subcontract and the Assignment, is taking with respect to
this claim.

Plaintiff filed this action asserting one claim for relief,
"[t]hat a declaratory judgment be entered with respect to the
rights and obligations of the Parties under the Assignment of
November 25, 2014" as well as an award of costs and fees. (Id.
at 4 ¶ 1.) Defendant moves to dismiss Plaintiff's complaint
"pursuant to Rules 12(b)(1), (3), (6) and (7) of the Federal

Rules of Civil Procedure." (Def.'s Mem. of Law in Supp. of Mot. to Dismiss ("Def.'s Mem.") (Doc. 8) at 1.) Defendant also attached a copy of its subcontract with VC Enterprise ("the Contract"). (Id., Ex. A.)

## II.  **LEGAL STANDARD**

Defendant moves to dismiss this action on several grounds, including Fed. R. Civ. P. 12(b)(1), (3), (6) and (7). (Doc. 7.) This court finds Defendant's motion should be granted pursuant to Rule 12(b)(7).[4]

---

[4] Defendant also moves to dismiss this matter on other grounds arising under the terms of the Contract including the forum selection clause and the application of Virginia law. (See Def.'s Mem. (Doc. 8) at 9-11.) Plaintiff contends that it is not subject to those contractual terms because of the limited nature of the assignment. (See generally Pl.'s Br. in Opp'n to Mot. to Dismiss ("Pl.'s Resp. Br.") (Doc. 9) at 10-14.) However, to interpret the Contract in the manner suggested by Plaintiff requires, first, ignoring the language of the Contract prohibiting assignment, the issue presented here, as well as the limitations on remedies (forum selection and Virginia law) included in the Contract. Second, to interpret the Contract as suggested by Plaintiff, particularly to ignore the forum selection clause, would provide Plaintiff with rights and defenses not available to VC Enterprise, the contracting party. Virginia law does not appear to support Plaintiff's argument, as "'[a]n assignee or pledgee of a non-negotiable paper, steps into the shoes of the assignor, or pledgor, and takes the assignment subject to all defenses of the obligor against the assignor, or pledgor, existing before notice of assignment.'" Nat'l Bank & Trust Co. at Charlottesville v. Castle, 196 Va. 686, 693, 85 S.E.2d 228, 232 (1955) (quoting Hartford Fire Ins. Co. v. Mutual Sav. & Loan Co., 193 Va. 269, 277, 68 S.E.2d 541, 546 (1952)); see also Union Recovery Ltd. P'ship v. Horton, 252 Va. 418, 421, 477 S.E.2d 521, 522 (1996). As a result, this court finds dismissal on alternate grounds would be appropriate, particularly since the dismissal is without prejudice.

- 4 -

"On a motion under Rule 12(b)(7), the court initially
determines if the absent party should be joined as a party in
accordance with the criteria set forth in Rule 19(a). If the
court finds that the party is indeed necessary, the party will
be ordered into the action." RPR & Assocs. v. O'Brien/Atkins
Assocs., P.A., 921 F. Supp. 1457, 1463 (M.D.N.C. 1995). If "the
absent party cannot be joined, the court will determine, by
analyzing the factors described in Rule 19(b), whether to proceed
without the absent party or to dismiss the action." Id.

## III. **ANALYSIS**

"Rule 19 of the Federal Rules of Civil Procedure sets forth
a two-step inquiry for courts to determine whether a party is
'necessary' and 'indispensable.'" Home Buyers Warranty Corp. v.
Hanna, 750 F.3d 427, 433 (4th Cir. 2014). "If a party is
necessary, it will be ordered into the action. When a party
cannot be joined because its joinder destroys diversity, the
court must determine whether the proceeding can continue in its
absence, or whether it is indispensable pursuant to Rule 19(b)
and the action must be dismissed." Owens-Illinois, Inc. v.
Meade, 186 F.3d 435, 440 (4th Cir. 1999).

### A. **VC Enterprise, Inc., is a "Necessary Party"**

In support of its motion to dismiss under Rule 12(b)(7),
Defendant argues that "[b]ecause the basic validity of the

- 5 -

assignment between V.C. Enterprises and Medport is at question
in this action, V.C. Enterprises, as assignor, is a necessary
and indispensable party under Fed. R. Civ. P. 19." (Def.'s Mem.
(Doc. 8) at 5.) Defendant further argues that "when the validity
of the assignment itself is at issue, the assignor's joinder may
be required" before arguing that "the validity of the assignment
is the issue at hand." (Id. at 4-7) (citing 7 Charles Alan
Wright & Arthur R. Miller, et al., Federal Practice and
Procedure § 1613 (3d ed. 2016.) Defendant also argues that
consideration of the factors outlined in Federal Rule of Civil
Procedure 19(a) further necessitates the inclusion of
VC Enterprise. (Id.)

Plaintiff responds that because "[t]he only matter assigned
to Medport by V.C. Enterprise was the right to receive any and
all rights to payments . . . under . . . all contracts of
construction between E.V. Williams, Inc. and V.C. Enterprise,"
then "any disputes between V.C. Enterprise and Defendant
Williams arising out of any other right or obligation arising
under the subcontract . . . are not at issue in the present
litigation . . . ." (Pl.'s Br. in Opp'n to Mot. to Dismiss
("Pl.'s Resp. Br.") (Doc. 9) at 5-6.) Plaintiff further argues
that "[t]here are no issues, factual or legal, which would
mandate that V.C. Enterprise be made a party to this action

simply because V.C. Enterprise has no interest in the present litigation which would prevent the court from giving complete relief among the parties presently before it." (<u>Id.</u> at 7.) Additionally, Plaintiff and Defendant cite to the same portion of Wright & Miller, but Plaintiff <u>then</u> highlights that "[a]n assignor of rights and liabilities under a contract generally is not needed for a just adjudication of a suit brought by the assignee," seemingly insinuating that one serves as clarification for the other. (<u>Id.</u> at 5.)

In evaluating a motion made pursuant to Rule 19, "[f]irst, the district court must determine whether the party is 'necessary' to the action under Rule 19(a)." <u>Nat'l Union Fire Ins. Co. of Pittsburgh v. Rite Aid of S.C., Inc.</u>, 210 F.3d 246, 249 (4th Cir. 2000). "The inquiry contemplated by Rule 19(a) is a practical one, and is addressed to the sound discretion of the court." <u>R-Delight Holding LLC v. Anders</u>, 246 F.R.D. 496, 499 (D. Md. 2007) (internal quotations omitted).

This court notes that its analysis will proceed under Federal Rule of Civil Procedure 19(a)(1)(A), which provides that a party may be a "[r]equired [p]arty" if "in that person's absence, the court cannot accord complete relief among existing parties." In contrast, Rule 19(a)(1)(B) provides that a party may be a "[r]equired [p]arty" if "that person <u>claims an interest</u>

- 7 -

relating to the subject of the action . . . ." (Emphasis added.)
Because there is no evidence before this court that
VC Enterprise has claimed any interest in the present
litigation, this court finds Rule 19(a)(1)(A) to be the proper
means of analysis.

Both parties have quoted parts of Wright & Miller in their
arguments. The full text of the quoted passage provides helpful
guidance in this case:

> An assignor of rights and liabilities under a contract
> generally is not needed for a just adjudication of a
> suit brought by the assignee. Indeed, in most cases the
> assignor would not even be a proper party inasmuch as
> the assignor may have lost the right to bring an
> independent action on the contract by virtue of the
> assignment. On the other hand, when the validity of
> the assignment itself is at issue, the assignor's
> joinder may be required. Further, when there only has
> been a partial assignment, courts may require joinder
> so that the entire contractual interest that is in
> dispute is represented in the action. The question of
> compulsory joinder in these cases depends on whether
> the court can frame a decree that will give proper
> relief to plaintiff without prejudicing the absent
> person's interest.

7 Charles Alan Wright & Arthur R. Miller, et al., Federal
Practice and Procedure § 1613 (3d ed. 2016). Contrary to
Plaintiff's argument, this court finds the Wright & Miller
passage to support Defendant's position because only part of the
contract, not the entire contract, was assigned (Pl.'s Resp. Br.
(Doc. 9) at 5-7), and the assigned contract contains a provision
prohibiting assignment.

- 8 -

Plaintiff asserts that "V.C. Enterprise assigned its right to receive payment for work performed thereunder to Medport" (id. at 7), and that "[n]o other right belonging to V.C. Enterprise was transferred to Medport" in support of its claim that VC Enterprise is not a "necessary party." (Id. at 5-6.) Plaintiff's argument construes the Assignment as a "partial assignment." According to Wright & Miller, a "partial assignment" "may require joinder so that the entire contractual interest that is in dispute is represented in the action." 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1613 (3d ed. 2016). As referenced above, "[t]he question of compulsory joinder in these cases depends on whether the court can frame a decree that will give proper relief to plaintiff without prejudicing the absent person's interest." Id. As discussed below, it is both the "absent person's interest" and Defendant's interest that gives this court pause.

Defendant argues that "a ruling that the assignment was invalid would prejudice V.C. Enterprises by potentially subjecting it to a later breach of contract claim by Williams for executing the assignment against the terms of the Subcontract." (Def.'s Mem. (Doc. 8) at 5.) Plaintiff argues that "if an assignment of a right to payment is prohibited by a contract, the assignment is not void; instead, it merely gives

- 9 -

the obligor a cause of action against the assignor for the
recovery of damages . . . ." (Pl.'s Resp. Br. (Doc. 9) at 12
n.6) (citing Restatement (Second) of Contracts § 322(2) ch. 15,
topic 1 (Am. Law Inst. 2016).) This section of the Restatement,
as cited by Plaintiff, "gives the obligor a right to damages for
breach of the terms forbidding assignment but does not render
the assignment ineffective." Liberty Life Assurance Co. of
Boston v. Stone St. Capital, Inc., 93 F. Supp. 2d 630, 637
(D. Md. 2000).

Although Plaintiff focuses its arguments to its rights as
to VC Enterprise, the facts and issues in this declaratory
judgment action are much broader. To declare the Assignment
valid, as Plaintiff requests, this court would be assessing the
validity of two contracts – the Contract between Defendant and
VC Enterprise and the Assignment between Plaintiff and VC
Enterprise. In the absence of VC Enterprise as a party, this
court has no ability to enforce parts of that judgment or award
complete relief. Although Plaintiff contends VC Enterprise is
not necessary to an award of complete relief, VC Enterprise is a
party to both contracts and would not be bound to this court's
declaratory judgment, whatever it might be. VC Enterprise would
remain free to pursue its perceived rights and remedies as to
Plaintiff and Defendant in this or any other appropriate forum.

"[D]eclaratory judgments are designed to declare rights so that parties can conform their conduct to avoid future litigation." Hipage Co. v. Access2Go, Inc., 589 F. Supp. 2d 602, 615 (E.D. Va. 2008). A judgment in this case, in the absence of VC Enterprise, would not avoid future litigation as a party to the contracts at issue would not be bound by any judgment rendered here.

In light of the foregoing analysis, this court finds VC Enterprise is a necessary party.

**B.    Joining VC Enterprise, Inc., would Destroy Diversity**

After determining whether an absent party is "necessary," courts consider whether the party can be joined without destroying diversity jurisdiction. See Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 441 (4th Cir. 1999).

Here, Plaintiff alleges that it is a corporate citizen of Georgia and of North Carolina. (Compl. (Doc. 1) ¶ 1.) Plaintiff also alleges that both Defendant and VC Enterprise are corporate citizens of Virginia. (Id. ¶¶ 2, 7.) This court notes that each party seemingly assumes that VC Enterprise's proper joinder would be as a plaintiff in the present litigation, and this court agrees.

"If a person has not been joined as required, the court must order that the person be made a party. A person who refuses

- 11 -

to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." Fed. R. Civ. P. 19(a)(2).

Courts are not required to accept a party's allegations as to the proper classification of a potentially "necessary party" (whether as a plaintiff or defendant) and can make such determinations based on the posture and facts of the case. See Selective Ins. Co. of Am. v. Glen Wilde, LLC, Civil Action No. 5:12-cv-00034-RLV-DSC, 2012 WL 1884533, at *3 (W.D.N.C. May 23, 2012); Superguide Corp. v. DirectTV Enters., Inc., 202 F.R.D. 460, 463 (W.D.N.C. 2001). "The court will consider a party in the light of his actual interest in the controversy, whether named as plaintiff or defendant, for the purpose of determining jurisdiction." Ayers v. Ackerman, 324 F. Supp. 814, 817 (D.S.C. 1971); see Callender v. Callender, Civil Action No. TDC-15-4015, 2016 WL 3647613, at *8 (D. Md. June 30, 2016) (addressing Rule 24 intervention and jurisdiction).

"To determine when to realign parties, we apply the two-step 'principal purpose' test." Builders Mut. Ins. Co. v. Dragas Mgmt. Corp., 497 F. App'x 313, 316 (4th Cir. 2012). "First, we determine the primary issue in the controversy by considering the plaintiff's principal purpose for filing its suit. Second, we align the parties according to their positions with respect

- 12 -

to the primary issue." Id. (internal citations and quotation marks omitted).

In the present action, Plaintiff moves "[t]hat a declaratory judgment be entered with respect to the rights and obligations of the Parties under the Assignment of November 25, 2014." (Compl. (Doc. 1) at 4 ¶ 1.) Because Plaintiff seeks to enforce the Assignment, the validity of the Assignment is the "primary issue in the controversy" and "Plaintiff's principle purpose for filing its suit." See Builders Mut. Ins. Co., 497 F. App'x at 316 (quoting Palisades Collections LLC v. Shorts, 552 F.3d 317 337 (4th Cir. 2008)). Regarding VC Enterprise's "position[] with respect to the primary issue," (id.), Plaintiff alleges that "V.C. Enterprise assigned to Plaintiff 'any and all rights to payment of any sums due and owing' arising out of the contract between V.C. Enterprise and Defendant." (Compl. (Doc. 1) ¶ 8.) Because VC Enterprise allegedly agreed to the Assignment for "other valuable consideration" (see Compl., Ex. A (Doc. 1-1) at 2.), this court concludes that VC Enterprise would logically be positioned with Plaintiff, among the parties seeking a declaration from this court that the Assignment is valid. Under those circumstances, both VC Enterprise, as a plaintiff, and Defendant would be citizens of Virginia. (Compl. (Doc. 1) ¶¶ 2, 7.) Because such a joinder would destroy

- 13 -

diversity as required by 28 U.S.C. § 1332, this court now turns
to whether VC Enterprise is an "indispensable party."

### C. VC Enterprise, Inc., is an "Indispensable Party"

"Having concluded that the non-diverse [VC Enterprise] [is]
necessary, and because [its] joinder would destroy diversity,
[this court] must determine whether [it is] indispensable using
the factors enumerated in Rule 19(b)." Owens-Illinois, Inc.,
186 F.3d at 441. "[After finding that a party is or is not
"necessary"], if the party is necessary but joining it to the
action would destroy complete diversity, the court must decide
under Rule 19(b) whether the proceeding can continue in that
party's absence." Home Buyers, 750 F.3d at 433 (internal
quotation marks omitted).

> Four factors control whether a necessary party is
> indispensable: (1) the extent to which a judgment
> rendered in the person's absence might prejudice that
> person or the existing parties; (2) the extent to
> which any prejudice could be lessened or avoided"; (3)
> whether a judgment rendered in the person's absence
> would be adequate; and (4) whether the plaintiff would
> have an adequate remedy if the action were dismissed
> for nonjoinder.

Tough Mudder, LLC v. Sengupta, 614 F. App'x 643, 645 (citing
Fed. R. Civ. P. 19(b)) (internal quotation marks omitted).

In support of a finding that VC Enterprise is an
"indispensable party," Defendant argues that "Medport could only
sue Williams by standing in the shoes of V.C. Enterprises and

- 14 -

assuming V.C. Enterprises' rights and position under the Subcontract." (Def.'s Mem. (Doc. 8) at 6.) After noting that this court's jurisdiction arises under diversity jurisdiction, Defendant argues that "V.C. Enterprises would be added as a plaintiff in this action given that V.C. Enterprises and Medport are aligned in seeking payment and to enforce the rights of the Subcontract against Williams." (Id.) Finally, Defendant argues that because both Defendant and VC Enterprise are Virginia corporations, such an addition would destroy diversity jurisdiction. (Id.) Defendant also argues that the factors outlined in Federal Rule of Civil Procedure 19(b) support dismissal. (Id.)

In response, Plaintiff turns to Federal Rule of Civil Procedure 19, arguing that VC Enterprise is not an "indispensable party" because "neither V.C. Enterprise nor Defendant Williams can suffer any impairment or prejudice arising from the absence of V.C. Enterprise in the present action." (Pl.'s Resp. Br. (Doc. 9) at 9.) Plaintiff also attempts to distinguish the authority that Defendant cited for the proposition that "when the validity of an assignment is in question, the assignor is deemed to be an indispensable party," calling it "ill-founded, given that the sole authority for that proposition is a district court opinion which is almost fifty

years old and which is based upon cases before the advent of the Federal Rules of Civil Procedure." (Id. at 8.)

Contrary to Plaintiff's allegations that "the sole authority for that proposition is a district court opinion which is almost fifty years old" (id.), a number of courts have observed that "[w]hen the validity of the assignment itself is at issue the assignor's joinder may be required," often citing the above portion of Wright & Miller. See Solomon Hess LLC v. Bank, Civil Action No. 11-cv-03350-AW, 2012 WL 220222, at *2 (D. Md. Jan. 24, 2012); see Cent. Dupage Hosp. v. Indus. Concrete Const. Corp. Erisa Plan, No. 91 C 2235, 1991 WL 182269, at *3 (N.D. Ill. Sept. 5, 1991); Data Consultants, Inc. v. Traywick, 593 F. Supp. 447, 458 (D. Md. 1983); Wing Indus., Inc. v. Korach, No. 80-3179-Civ-CA, 1981 WL 48203 (S.D. Fla. Apr. 21, 1981); deVries v. Weinstein Int'l Corp., 80 F.R.D. 452, 456 (D. Minn. 1978); United States v. Barrett, 315 F. Supp. 941, 946 (N.D. W. Va. 1970).

Plaintiff argues that "the substantive law of Virginia governs the adjudication of the respective rights of Medport and Defendant Williams under the assignment of the right to payment by V.C. Enterprise under the subcontract," and this court agrees. (Pl.'s Resp. Br. (Doc. 9) at 10.) If the present case were to move forward, Virginia state law would govern the

validity of the Assignment because, under North Carolina's choice-of-law rules, the interpretation of a contract is governed by the law of the place where the contract was made. See Tanglewood Land Co. v. Byrd, 299 N.C. 260, 262, 261 S.E.2d 655, 656 (1980).

Particularly relevant to this case, the Virginia Supreme Court has held that:

> In this state it must be regarded as settled law, that in every case of a bill in equity asking relief for the plaintiff as assignee of the rights of another, the assignor must be made a party to the cause, and the assignment ought to be shown and proved, though the fact be not denied, nor proof of it called for in the answers.

Lynchburg Iron Co. v. Tayloe, 79 Va. 671, 675–76 (1884). The above conclusion, as well as the conceptual reasoning of the Virginia Supreme Court in reaching the above conclusion, is relevant to an analysis of the Rule 19(b) factors, particularly as to the first factor, the extent to which the absence of VC Enterprise might result in prejudice.[5] Further analysis of the four factors outlined previously leads this court to conclude that VC Enterprise is an "indispensable party."

---

[5] To illustrate, if Virginia law controls and Virginia law holds that the assignor is a required party, in any later proceedings, VC Enterprise might have a claim or defense for failure to join.

First, this court must consider "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties." Fed. R. Civ. P. 19(b)(1). "Where the assignment is not absolute and unconditional, or the extent or validity of the assignment is disputed or denied, or there are remaining rights or liabilities of the assignor, which may be affected by the decree, then he is not only a proper but a necessary party." Lynchburg Iron Co., 79 Va. at 675. VC Enterprise would clearly be "affected by the decree." As discussed above, a declaratory judgment that the Assignment is valid could result in a finding that VC Enterprise breached the Contract by virtue of the Assignment and thereby exposed it to a cause of action for damages. Further, proceeding with this requested relief would allow VC Enterprise to take seemingly inconsistent positions. If not a party to the present proceeding, VC Enterprise could argue, in another proceeding, that any relief awarded is not effective as a result of the failure to join VC Enterprise as required by Virginia law. Furthermore, Plaintiff's suggestive allegations that Defendant has improperly paid VC Enterprise following notice of the Assignment could result in a demand for second payment from Defendant or permit VC Enterprise to exploit its absence and allege harm in a later proceeding. As such, any adjudication of

- 18 -

VC Enterprise's rights in the absence of VC Enterprise would prejudice both Defendant and VC Enterprise, as the risk of future litigation even as to the same issues is not resolved by this declaratory judgment action.

Further, the language and form of the Contract suggest the potential for significant prejudice to Defendant.[6] (Def.'s Mem., Ex. A (Doc. 8-1).) In the present situation, Defendant negotiated for a number of protections against litigation arising from the Contract. (See id.) Specifically, Defendant contracted for a claim or dispute resolution process (§ 5.8), a forum selection clause (§ 5.8), a damages provision (§ 5.9), and an arbitration agreement (§ 5.10). (Id. at 15-16.) These provisions are addressed to Defendant and the subcontractor, VC Enterprise, and do not appear to contemplate third parties.

---

[6] Defendant, in moving to dismiss, has included the Contract. (Def.'s Mem. (Doc. 8) at 1; Ex. A.) Plaintiffs do not appear to oppose this court's consideration of the Contract, making reference to it in their arguments. (Pl.'s Resp. Br. (Doc. 9) at 13.) The Fourth Circuit has stated that "[w]e may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). "[T]his court can take judicial notice of [the Contract]" in its analysis of the present motion to dismiss, Locklear v. Town of Pembroke, No. 7:12-CV-201-D, 2012 WL 6701784, at *2 (E.D.N.C. Dec. 26, 2012), and "has not converted defendant's motion into a motion for summary judgment." Roberson v. City of Goldsboro, 564 F. Supp. 2d 526, 527 n.1 (E.D.N.C. 2008); see Whitesell v. Town of Morrisville, 446 F. Supp. 2d 419, 423-24 (E.D.N.C. 2006).

(Id.) That is particularly notable because the non-assignment provision would otherwise prevent involvement of third parties by providing that "[s]ubcontractor shall not assign this Agreement in whole or in part without written approval of Contractor. Subcontractor agrees not to perform any work directly for the Owner or deal directly with the Owner or Owner's representatives in connection with the project, for the duration of the project without written consent of Contractor." (Id. at 13, § 3.8.)

Plaintiff, however, alleges that these provisions do not apply to it because "[n]one of the obligations undertaken by V.C. Enterprise in the subcontract were assigned or affected in any manner by the arrangement with Medport." (Pl.'s Resp. Br. (Doc. 9) at 10-11.) Plaintiff argues that "[a]s the mere assignee of V.C. Enterprise's right to receive payment under the subcontract, Medport undertook no duty of performance with regard to any obligation owed to Defendant Williams, and it should not be bound to the terms of the subcontract to the extent that it did not do so." (Id. at 11.) Because the Assignment recognizes that it is "under the terms of" the Contract, Plaintiff's attempted avoidance of the dispute resolution provisions is not persuasive. (Compl., Ex. A (Doc. 1-1) at 2.)

The absence of VC Enterprise presently prejudices Defendant primarily because it will not resolve any potential liability of Defendant to VC Enterprise, nor will it fully resolve the issue of the validity of the Assignment, Plaintiff's sole relief since VC Enterprise is not bound. Furthermore, because this case has been filed without naming VC Enterprise as a party, it is filed in a forum contrary to the forum for which Defendant and VC Enterprise contracted. (Def.'s Mem., Ex. A § 5.8 (Doc. 8-1).) Such litigation also deprives Defendant of the dispute resolution process for which they contracted. (Id.) Similarly, the damages provision (§ 5.9) of the Contract does not contemplate litigation with a third party, which is another product of the non-assignment clause. (Id.) By disregarding the non-assignment clause by claiming that the Contract does not control, Plaintiff is imposing costs on Defendant that Defendant contracted to avoid.

Second, this court must consider "the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment; shaping the relief; or other measures." Fed. R. Civ. P. 19(b)(2)(A-C). The absence of VC Enterprise precludes such measures as the validity of a contract would be declared in the absence of a party to the contract. This court sees no reason why all three relevant parties could not be included in

the same proceeding, in an appropriate forum, such as a Virginia court, avoiding any potential prejudice. Plaintiff has suggested no substantive reason. The <u>Lynchburg Iron Co.</u> court considered a similar alternative, concluding that "it is necessary to make the said alleged assignor a party to any proceedings having for their object the disposition of the said note, and he not having been made a party to the cause, we are constrained for that cause . . . to remand the cause." 79 Va. at 676. Here, a proceeding in Virginia state court would allow all three parties to present any evidence, affirmative defenses or other argument that may mitigate or otherwise resolve the contract disputes.[7]

Third, this court must consider "whether a judgment rendered in the person's absence would be adequate." Fed. R. Civ. P. 19(b)(3). Awarding a declaratory judgment to Plaintiff cannot be seen as "adequate" for the resolution of the underlying conflict because it leaves open the above-determined issue as to VC Enterprise and fails to fully resolve issues arising from any declaratory judgment.

---

[7] Plaintiff argues that the remedial provisions of the Contract are prohibitive of a remedy and suggests the provisions are illusory. (Pl.'s Resp. Br. (Doc. 9) at 13.) This court disagrees. Nevertheless, even if there are such issues, Plaintiff accepted the Assignment "under the terms of" the Contract (<u>see</u> Compl., Ex. A (Doc. 1-1) at 2), and the enforceability of the terms of the Contract is a central issue affecting all three entities.

- 22 -

Finally, this court must consider "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 19(b)(4). Here, "[t]he state court is entirely capable of adjudicating this dispute." Home Buyers, 750 F.3d at 436. Further, Plaintiff concedes that "the substantive law of Virginia governs the adjudication of the respective rights of Medport and Defendant Williams under the assignment of the right to payment by V.C. Enterprise under the subcontract." (Pl.'s Resp. Br. (Doc. 9) at 10.) Virginia State court is the "best forum to resolve the issues pertaining to this litigation, because, there, all the parties may resolve their issues in a single case rather than in a piecemeal fashion in this Court." R-Delight Holding, 246 F.R.D. at 504.

"Where possible, law should be utilized to streamline and simplify. We decline to impose added expense and complexity upon these litigants, when there are no good reasons sounding in the fair or efficient administration of justice to do so." Home Buyers, 750 F.3d at 435. However, "[a]ll four Rule 19(b) factors point to [VC Enterprise] being indispensable to the petition. Because [VC Enterprise] [is] both necessary and indispensable, the petition must be dismissed for lack of subject matter jurisdiction." Id. at 436.

IV.  **CONCLUSION**

For the reasons stated herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 7) is **GRANTED** and that Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to Plaintiff filing in an appropriate forum.

A judgment consistent with this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 23rd day of November, 2016.

_____
United States District Judge